ROGERS, Circuit Judge.
In these consolidated cases, two criminal defendants seek to have their sentences reduced based on the more lenient treatment that the Sentencing Guidelines now afford to crack offenders. In each case, the defendant pled guilty pursuant to an agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), which rule binds the court to the sentence described in the agreement if the court accepts the plea. Under United States v. Peveler, 359 F.3d *2 369 (6th Cir.2004), neither defendant is entitled to relief.
In November 2005, Antonio Goins was indicted for two counts of crack possession, one count of cocaine possession, and two counts of weapon possession. He entered a plea agreement with the Government pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). According to the terms of the agreement, Goins would plead guilty to the drug counts and one of the weapon counts, and the Government would move to dismiss the other weapon count. The agreement specified that the Government would agree to a sentence of fourteen years of imprisonment. The agreement also went on to discuss the applicability of the Guidelines and to specify how the various provisions would apply to Goins. The parties specified the exact quantity of crack and powder for which Goins would be held responsible and spelled out exactly how those amounts would result in a base offense level of 30. The parties agreed that Goins would receive a three-level reduction for acceptance of responsibility and would not receive a two-level increase for possession of a dangerous weapon. The parties also agreed that Goins was subject to a five-year mandatory minimum consecutive sentence for the remaining weapon offense. The agreement did not specify Goins’s criminal history category, and the parties reserved the right to object to the court’s determination of that category but agreed not to seek a departure under U.S.S.G. § 4A1.3 from that determination. The agreement also specified, consistent with the provisions of Rule 11(c)(1)(C), that if the court did not accept and comply with the terms of the agreement the agreement would be null and void and Goins could withdraw his plea of guilty.
Consistent with the agreement, the court sentenced Goins to a fourteen-year term of imprisonment. Because the court assigned Goins a criminal history category of II, the fourteen-year term exceeded the recommended Guidelines range by eleven months.
In January 2005, William Freeman was charged in a superseding indictment with one count of crack possession, one count of marijuana possession, and two counts of weapon possession. Like Goins,- Freeman entered a plea agreement pursuant to Rule 11(c)(1)(C). The terms required Freeman to plead guilty to all the counts in the superseding indictment and the Government to agree to a sentence of 106 months. Like Goins’s agreement, Freeman’s agreement specified the exact quantities of drugs for which he was accountable and that he would receive a three-level reduction for acceptance of responsibility. The agreement specified that Freeman’s offense level after the three-level reduction would be 19 and that his criminal history category would be determined by the court, although the parties anticipated that Freeman’s criminal history category would be IV. Like Goins’s agreement, the agreement also specified that if the court did not accept and comply -with the terms of the agreement, the agreement would be null and void and Freeman could withdraw his plea of guilty. Consistent with the agreement, the court sentenced Freeman to 106 months in prison.
After entry of both sentences, the Sentencing Commission amended the Guidelines to reduce the disparity in the treatment of crack and powder cocaine and made the amendment retroactive. See U.S.S.G. Appx. C, Amend. 706, id. § 1B1.10. Goins and Freeman sought to have their sentences reduced. In each case, the district court held that this circuit’s precedent in United States v. Peveler precluded modification of a sentence imposed pursuant to a Rule 11(e)(1)(C) plea *3 agreement. In Goins’s case, the court added that the original sentence remained “sufficient but not greater than necessary to satisfy the purposes of sentencing.” In Freeman’s case, the court expressed ambivalence about the reasoning of Peveler but acknowledged it as binding precedent. Both defendants appealed.
The court’s holding in Peveler precludes resentencing in each defendant’s case. In Peveler, we held that the language of Rule 11(c)(1)(C) generally precludes a court from amending a sentence imposed pursuant to a plea under that provision, regardless of any subsequent change to the Guideline underlying the plea agreement. 359 F.3d at 379. Although PevelePs holding does not preclude reducing the sentence of a defendant who pled under Rule 11(c)(1)(C) where resentencing is necessary to avoid a miscarriage of justice, see 359 F.3d at 379 n. 4, neither Goins nor Freeman falls within that exception.
Goins is not entitled to resentencing because the district court specifically reiterated the appropriateness of Goins’s sentence in light of the amendment to the Guidelines. Due to some uncertainty about which criminal history category the court would assign, Goins’s agreed-upon sentence ultimately exceeded the high end of the Guidelines range applicable at the time Goins was sentenced. Given a criminal history category of II, Goins’s advisory range was 78 to 97 months, to run consecutively with a 60-month mandatory minimum sentence for possession of a firearm in furtherance of a drug trafficking crime. This resulted in a total Guidelines range of 138 to 157 months, below the agreed-upon 168 months. The amendment to the Guidelines reduced the advisory portion of the sentence to 63 to 78 months, resulting in a total range of 123 to 138 months. Goins’s 14-year (168 month) sentence therefore exceeds the high end of the amended range by 30 months instead of 11. This disparity, however, does not by itself constitute a miscarriage of justice. In pleading guilty, Goins entered into a carefully constructed agreement in which the parties balanced many factors—including the charges to which Goins would plead guilty, the charges which the Government would move to dismiss, and the amount of drugs for which Goins would be held responsible. Having carefully bargained to reach this sentence, the parties acted under Rule 11(c)(1)(C) in order to restrict the ability of the court to upset the negotiated balance. Nothing in this record suggests that declining to resentence Goins works any injustice. The district court did not err by holding Goins to the bargain he made. Peveler, 359 F.3d at 373.
Freeman also does not qualify for an exception under Peveler, but for different reasons. Unlike the court that considered Goins’s motion for resentencing, the court considered Freeman’s motion did not reiterate the appropriateness of Freeman’s sentence. To the contrary, the court indicated that it felt constrained to deny Freeman’s motion. However, the district court did not indicate that failing to resentence Freeman resulted in a miscarriage of justice. Indeed, Peveler would not have supported such a conclusion. Like the defendant in Peveler, Freeman’s original 106-month sentence remained inside the Guidelines range for his crime, even after the amendment. See id. at 379 n. 4. At the time Freeman was sentenced, the Guidelines called for a sentence of 46 to 57 months, to run consecutively with a 60-month mandatory minimum sentence for possession of a firearm in furtherance of a drug trafficking crime, for a total of 106 to 117 months. Under the amended Guidelines, the range was 37 to 46 months, also to run consecutively with the 60-month *4 sentence, for a total of 97 to 106 months. Freeman’s 106-month sentence therefore fell at the bottom of the range before the amendment and at the top of the range after the amendment, a situation that the Peveler court contemplated and determined did not overcome the general prohibition on resentencing. See id. (“We note, however, that with the two-level deduction sought, Peveler’s actual sentence is within the revised sentencing guideline range although the sentence is not at the low end of the revised guideline range as provided in the plea agreement.”).
For the foregoing reasons, the orders denying resentencing are AFFIRMED.