NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0487n.06

Nos. 08-6374, 09-5047

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jul 15, 2011*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ANTONIO GOINS; WILLIAM FREEMAN,

    Defendants-Appellants.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF KENTUCKY

BEFORE: BOGGS, ROGERS, and WHITE, Circuit Judges.

ROGERS, Circuit Judge. These consolidated cases addressed whether defendants who were sentenced pursuant to Rule 11(c)(1)(C) plea agreements could qualify for sentence reductions based on retroactive amendments to the Sentencing Guidelines. Both Goins and Freeman were charged with drug and weapon offenses in 2005 and each entered a plea agreement pursuant to Rule 11(c)(1)(C). The district court accepted the pleas and entered judgment. Subsequently, the Sentencing Commission amended the Guidelines to reduce the disparity in the treatment of crack and powder cocaine and made the amendment retroactive. *See* U.S.S.G. Appx. C, Amend. 706, *id*. § 1B1.10. Goins and Freeman sought to have their sentences reduced, but the district court held that this circuit's precedent in *United States v. Peveler*, 359 F.3d 369 (6th Cir. 2004), precluded modification of a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement. This court affirmed. *United States v. Goins*, 355 F. App'x 1 (6th Cir. 2009). The Supreme Court subsequently

granted certiorari and issued an opinion in Freeman's case, reversing this court's decision and remanding the case. *Freeman v. United States*, No. 09-10245, 564 U.S. — (June 23, 2011). In light of that decision, the Court issued a summary order granting certiorari and remanding Goins's case. *Goins v. United States*, No.09-10246, 564 U.S. — (June 28, 2011). We now remand both cases to the district court for proceedings consistent with the Supreme Court's opinion.