In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-2555

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

ASWAN D. SCOTT,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 1:04-cr-0137-SEB-KPF-1—**Sarah Evans Barker**, *Judge*.

SUBMITTED FEBRUARY 14, 2013[*]—DECIDED MARCH 29, 2013

Before POSNER, WOOD, and TINDER, *Circuit Judges*.

WOOD, *Circuit Judge*. Aswan Scott pleaded guilty to distribution of 50 or more grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). His plea agreement,

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. The appeal is therefore submitted on the briefs and record. See FED. R. APP. P. 34(a)(2)(C).

which was entered under Federal Rule of Criminal Procedure 11(c)(1)(C), specified a prison term of 192 months; the district court accepted the agreement and that sentence. Later, Scott filed a motion under 18 U.S.C. § 3582(c), seeking a reduction in his sentence based on changes to the U.S. Sentencing Guidelines. The district court denied that motion, and Scott now appeals, arguing that the court's statement of reasons was insufficient to allow us to review its exercise of its discretion. Because Scott was not eligible for a reduced sentence, see *Freeman v. United States*, 131 S. Ct. 2685 (2011), we affirm the district court's denial of the motion.

When a plea agreement is governed by Rule 11(c)(1)(C) and accepted by the court, the judge does not play as great a role as usual in selecting the final sentence. Rule 11(c)(1)(C) provides that the prosecutor and the defendant may

> agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

See FED. R. CRIM. P. 11(c)(1)(C) (numbered 11(e)(1)(C) at the time of Scott's plea, but otherwise identical). If the court accepts such an agreement, "it must inform the defendant that . . . the agreed disposition will be included in the judgment." FED. R. CRIM. P. 11(c)(4).

Scott's plea agreement took this form. The record indicates that he chose to accept a binding sentence of

192 months in order to induce the government to dismiss a repeat-offender notice that it had filed under 21 U.S.C. § 851. (The supplement to the plea agreement and Scott's pre-sentence investigation report reflect a prior felony drug conviction.) Had the government not done so, Scott would have been subject to a 240-month mandatory minimum sentence. See 21 U.S.C. § 841(b)(1)(A). In the section of the agreement that specified the 192-month sentence, the parties stated that they made "no stipulation" about a criminal-history score, and they calculated no sentencing guidelines range. They did, however, stipulate that Scott's base offense level is 34.

Earlier, Scott had filed a § 3582(c)(2) motion asking the district court to reduce his sentence based on Amendment 711 to the Sentencing Guidelines, which retroactively lowered the base offense level for some drug crimes involving crack cocaine. U.S.S.G. app. C, amend. 711. The district court denied the motion, explaining that the amendment "does not have the effect of lowering the defendant's applicable guideline range." Scott was not eligible for a reduction, the district court explained, because Scott "was sentenced pursuant to a binding Plea Agreement to a specific sentence not tied to the guideline range." Scott did not appeal. Instead, he filed a second § 3582(c)(2) motion, this time seeking a reduced sentence under Amendment 750. The district court denied the motion. Its only explanation appeared on a form with boxes describing a number of the factors recognized by 18 U.S.C. § 3553(a). It checked line 3, which reads as follows in its entirety:

The defendant is eligible for a reduction under this amendment, but the Court has determined that such a reduction is not appropriate because of the nature and seriousness of the danger to any person or the community that may be posed by a reduction in sentence. (Application Note 1(B) of U.S.S.G. § 1B1.10.)

On appeal Scott contends that the district court did not adequately explain its reasons for denying his second motion; this procedural defect, he argues, makes meaningful appellate review of its decision impossible. See *United States v. Marion*, 590 F.3d 475, 478 (7th Cir. 2009) (holding that "[s]ome minimal explanation is required" to allow this court to review the denial of a § 3582(c)(2) motion). We share his concern with the use of a form order like this. The whole point of the district court's duty to take into account the factors outlined by section 3553(a) is to apply them to the particulars of a defendant's case. A form might be an acceptable starting point, but an explanation of the reason why a particular factor applies, rather than a flat statement that it does, will normally be necessary both to guide the district court's choices and to provide a basis for appellate review. Compare *Bjornson v. Astrue*, 671 F.3d 640, 645-46 (7th Cir. 2012) (criticizing the use of boilerplate in Social Security decisions). Indeed, here the form introduced an error into the district court's analysis, because it stated that he was eligible for a reduction in his sentence, and as we explain in a moment, he was not.

Whether the form was correct or not, however, will not necessarily drive the outcome of a case, and it does not

do so here. As the district court correctly observed when it denied Scott's first motion, Scott's plea agreement makes him ineligible for a sentence reduction. A defendant who agrees to a specific sentence in a plea agreement under Rule 11(c)(1)(C) generally is not eligible to receive a reduced sentence under § 3582(c)(2) because that statute does not grant relief for sentences based not on a guidelines range, but on an agreed term. See *Freeman*, 131 S. Ct. at 2697-98 (Sotomayor, J., concurring); *United States v. Dixon*, 687 F.3d 356, 359 (7th Cir. 2012) (concluding that Justice Sotomayor's concurrence is controlling under *Marks v. United States*, 430 U.S. 188, 193 (1977)); *United States v. Weatherspoon*, 696 F.3d 416, 422 (3d Cir. 2012) (same). The only exceptions occur when the plea agreement specifies that the sentence must be within an identified guidelines range or states that the basis for an agreed term is a particular sentencing range. See *Freeman*, 131 S. Ct. at 2697-98 (Sotomayor, J., concurring); *Dixon*, 687 F.3d at 359; *Weatherspoon*, 696 F.3d at 422.

Scott's plea agreement did not identify a guidelines range or suggest that the agreed-upon sentence was based on the guidelines. To the contrary, although the agreement mentioned a base offense level, it expressly refused to calculate a criminal-history score and thus omitted one of the critical inputs necessary to find a final advisory guidelines range. It is therefore impossible to infer from this agreement that the parties based their agreed 192-month term on any guidelines range, let alone a range that the Sentencing Commission reduced through a retroactive amendment, as § 3582(c)(2)

contemplates. In *Dixon*, the plea agreement specified both an offense level and a criminal-history category, but because the agreement did not "expressly link" those calculations to the agreed sentencing range, we concluded that it did not meet either of the *Freeman* exceptions. Here, Scott's plea agreement did not even calculate a criminal-history score, nor was there an attempt to link his criminal history and offense level to his agreed sentence. Therefore, any error that the district court may have made in failing to provide an adequate explanation or in the use of its form is beside the point. It correctly rejected Scott's motion to have his sentence reduced under § 3582(c)(2).

The judgment of the district court is AFFIRMED.