NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 11, 2014
Decided July 17, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 13-3242 | Appeal from the United States District Court for the Southern District of Indiana, Evansville Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | |
| | No. 3:10CR00020-001 |
| *v.* | |
| | Richard L. Young, |
| ALVIN BUCKLEY, *Defendant-Appellant.* | *Chief Judge.* |

**O R D E R**

This appeal is from the denial of a motion under 18 U.S.C. § 3582(c)(2) for a reduced sentence. Alvin Buckley had pleaded guilty in 2010 to possession of crack cocaine with intent to distribute, and several months later the Sentencing Commission retroactively lowered the base offense level for his drug offense. That revision did not benefit Buckley, however, because his plea agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(C) and required the district court to impose the negotiated prison sentence of 204 months. The court accepted the plea agreement and imposed that sentence. When Buckley later filed his § 3582(c)(2) motion, the court concluded that his Rule 11(c)(1)(C) plea agreement forecloses relief. We affirm.

In 2009 the DEA and local police were investigating crack-cocaine trafficking around Evansville, Indiana. As part of that investigation, an informant purchased crack from Buckley several times. In August 2009 Buckley was caught with 83 grams of crack during a traffic stop and was charged with a single count of possessing crack with intent to distribute. *See* 21 U.S.C. § 841(a)(1).

In May 2010 the parties executed a plea agreement. As provided in that agreement, the government filed an enhancement information alleging that Buckley already had a conviction for a felony drug offense. *See id.* § 851. That recidivism enhancement, together with the drug quantity of 50 or more grams, subjected Buckley to a statutory minimum of 20 years' imprisonment under the version of § 841(b)(1) then in effect. *See id.* §§ 841(b)(1)(A)(iii) (2006 & Supp. IV 2010). The government could have alleged a second drug conviction in the enhancement information (which would have mandated life imprisonment) but did not on the condition that Buckley continue his ongoing cooperation with investigators.

In June 2010, before the change-of-plea hearing, the parties amended their agreement. The new version was governed by Federal Rule of Criminal Procedure 11(c)(1)(C) and, if accepted by the district court, would bind the court to impose a prison sentence of 204 months. That lower sentence was possible because the government agreed to withdraw its § 851 enhancement information if Buckley continued cooperating and honored his other commitments under the agreement. Buckley stipulated that the drug quantity for purposes of the sentencing guidelines was 148 grams, enough to start him with a base offense level of 30. *See* U.S.S.G. § 2D1.1(c)(5) (Nov. 1, 2009). Because of the drug quantity, Buckley still faced a statutory minimum of 10 years even without the recidivism enhancement. *See* 21 U.S.C. §§ 841(b)(1)(A)(iii) (2006 & Supp. IV 2010). As part of the agreement, Buckley waived his right to appeal his conviction or sentence, and he also promised "not to contest, or seek to modify, his sentence or the manner in which it was determined in any proceedings." The district court accepted this amended agreement during Buckley's plea colloquy in July 2010.

Buckley was sentenced in September 2010, after enactment of the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372. The parties and the district court did not discuss whether the FSA might apply to Buckley, *cf. United States v. Fisher*, 635 F.3d 336 (7th Cir. 2011), *rev'd sub nom. Dorsey v. United States*, 132 S. Ct. 2321 (2012), and the Sentencing Commission's revisions implementing that legislation had not yet taken effect, *see* U.S.S.G. app. C, amendment 748 (effective Nov. 1, 2010). The district court concluded that Buckley's total offense level was 27, his criminal-history category

was V, and his guidelines imprisonment range, 120 to 150 months. The government withdrew its § 851 enhancement information, thus freeing the court to impose the agreed 204-month term instead of the anticipated 20-year minimum. The prosecutor explained that he had settled on 204 months by starting with the 20-year minimum from the original plea agreement and then "reluctantly" shaving "40 months" (actually, 36) to reward Buckley's further cooperation. The district judge imposed a 204-month sentence "per the binding plea agreement."

Buckley filed a direct appeal but dismissed it voluntarily after the government pointed out that he had waived his right to appeal. *United States v. Buckley*, No. 10-3424 (7th Cir. Dec. 21, 2010). Two years later Buckley, who was then pro se, moved under § 3582(c)(2) for a reduced sentence. He argued that under the FSA and the Sentencing Commission's implementing amendment (which by then had been made retroactive, *see* U.S.S.G. app. C, amendment 750 (effective Nov. 1, 2011)) his base offense level and imprisonment range would be lower, and his statutory minimum would be five years instead of ten. The district court appointed counsel, who supplemented Buckley's motion and asserted that § 3582(c)(1)(B) and § 2255 provided alternative grounds for relief. The government and the district court, however, understood the statutory authority for Buckley's motion to be limited to § 3582(c)(2). The district court denied the motion, giving this explanation:

> The defendant was originally facing a minimum of 240 months imprisonment as a result of the government filing an enhancement under 21 U.S.C. § 851. Through plea negotiations, the government agreed to dismiss the 851 enhancement, and the parties entered into a binding Plea Agreement for a specific sentence of 204 months. The agreed sentence specified in the binding Plea Agreement does not appear to be tied to any guideline calculations.

Buckley appeals this ruling.

Section 3582(c)(2) conditions the availability of a reduced sentence on specific criteria, including that the defendant be serving "a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *United States v. Stevenson*, 749 F.3d 667, 669 (7th Cir. 2014). Buckley argues that his sentence *is* based on a guidelines range, and thus the district court had discretion to lower it despite his Rule 11(c)(1)(C) plea agreement. The "guidelines" range in this instance, says Buckley, is the "pre-FSA mandatory minimum

sentence" that the prosecutor used as the starting point in bargaining with him for a 204-month term. We review de novo questions about a district court's authority to reduce a sentence under § 3582(c)(2). *United States v. Dixon*, 687 F.3d 356, 358 (7th Cir. 2012); *United States v. Johnson*, 571 F.3d 716, 717 (7th Cir. 2009).

Buckley's motion under § 3582(c)(2) almost certainly constitutes a breach of his promise, made in the amended plea agreement, "not to contest, or seek to modify, his sentence or the manner in which it was determined in any proceedings." But the government did not rely on this waiver in the district court, and does not do so on appeal. Accordingly, the government has waived any argument that Buckley should be held to his promise not to seek a sentence reduction. *See United States v. Prado*, 743 F.3d 248, 251 (7th Cir. 2014); *United States v. Hassebrock*, 663 F.3d 906, 914 (7th Cir. 2011); *United States v. Tercero*, 734 F.3d 979, 981 (9th Cir. 2013).

The government and defendant may reach a plea agreement under Rule 11(c)(1)(C) that will bind the district court to a specific sentence if the court accepts that agreement. *See United States v. Scott*, 711 F.3d 784, 786 (7th Cir. 2013); *United States v. Rivera-Martínez*, 665 F.3d 344, 345 (1st Cir. 2011). Generally a defendant who pleads guilty and agrees to a specific term of imprisonment under Rule 11(c)(1)(C) is not eligible for a reduction in that sentence under § 3582(c)(2). *See Freeman v. United States*, 131 S. Ct. 2685, 2697–98 (2011) (Sotomayor, J., concurring); *Scott*, 711 F.3d at 787; *Rivera-Martínez*, 665 F.3d at 347. The exception is when the agreed sentence is "based on" the guidelines range. *Freeman*, 131 S. Ct. at 2697–98 (Sotomayor, J., concurring); *Scott*, 711 F.3d at 787; *Dixon*, 687 F.3d at 359–60; *United States v. Weatherspoon*, 696 F.3d 416, 422–23 (3d Cir. 2012). But Buckley's amended plea agreement does not state or even imply that his term of imprisonment is based on a guidelines range. Although the parties agreed to the base offense level, they did not agree on Buckley's criminal-history score or try to determine the resulting imprisonment range. *See Scott*, 711 F.3d at 787; *Dixon*, 687 F.3d at 360. The agreement does not "make clear" that the basis for Buckley's 204-month term is a guidelines range that might later be lowered. *See Freeman*, 131 S. Ct. at 2697, 2700 (Sotomayor, J., concurring); *Dixon*, 687 F.3d at 360; *see also Scott*, 711 F.3d at 787; *United States v. Ray*, 598 F.3d 407, 409 (7th Cir. 2010); *United States v. Browne*, 698 F.3d 1042, 1045 (8th Cir. 2012).

Buckley urges us to consider the prosecutor's statements at the sentencing hearing, which he believes clarify that the agreed-upon sentence is indeed based on the statutory minimum. Our inquiry is limited, however, to the language of the plea agreement; parol evidence is not to be considered. *See Dixon*, 687 F.3d at 361; *Browne*,

698 F.3d at 1045. In any event, the prosecutor's statements do not help Buckley. The prosecutor explained how he arrived at the 204-month sentence: Buckley had prior convictions for drug felonies, and he would have faced mandatory life imprisonment if two of those convictions had been included in a § 851 enhancement information. Instead, because of Buckley's initial cooperation, the prosecutor had included only one conviction (not two) in an enhancement information, yielding a statutory minimum of 20 years (not life). The prosecutor later agreed to withdraw the enhancement information altogether and accept a lower sentence of 204 months to further reward Buckley for continuing to assist the government. So Buckley's sentence is based on his cooperation and not tied to or based on a guidelines range.

Two final points require brief discussion. Buckley asserts in his reply brief that 18 U.S.C. § 3582(c)(1)(B) was an alternative ground for reducing his sentence. That provision authorizes a sentencing court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." § 3582(c)(1)(B). Other circuits have understood § 3582(c)(1)(B)'s reference to other, express statutes as *limiting* sentence modification to situations where resentencing has been ordered after a successful direct appeal or colateral attack. *See United States v. Penson*, 526 F.3d 331, 335 (6th Cir. 2008); *United States v. Goines*, 357 F.3d 469, 476 (4th Cir. 2004); *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001); *United States v. Triestman*, 178 F.3d 624, 629 (2d Cir. 1999). We need not decide this issue here. In his opening brief, Buckley makes only a passing reference to § 3582(c)(1)(B), citing dictum in *United States v. Price*, No. 08-cr-30179, 2012 WL 3263577, at *6 (S.D. Ill. Aug. 9, 2012). In his initial motion in the district court, which he filed pro se, he relied exclusively on § 3582(c)(2). After counsel was appointed, she supplemented Buckley's motion and asserted in a single paragraph that his sentence also could be reduced under § 3582(c)(1)(B). The government and the district court did not understand the amended motion to be anything other than one under subsection (c)(2), and on appeal Buckley mentions subsection (c)(1)(B) only in passing in his reply brief. He thus has waived any claim about that provision. *See United States v. Stadfeld*, 689 F.3d 705, 712 (7th Cir. 2012); *United States v. Thornton*, 642 F.3d 599, 606 (7th Cir. 2011).

And lastly, at oral argument Buckley's counsel acknowledged that § 3582(c)(2) may not have been Buckley's best avenue to seek a sentence modification and suggested instead that his motion should have been construed in the district court as one under 28 U.S.C. § 2255. But again, Buckley's pro se motion relied exclusively on § 3582(c)(2). His lawyer's supplementation discusses § 2255 in a single paragraph but never develops that theory. The district court did not understand the motion to be one under

§ 2255, and on appeal Buckley did not develop an argument that his motion should have been construed as a motion under § 2255. A contention that is not fairly presented to the district court nor adequately briefed in this court is not properly before us. *See Stadfeld*, 689 F.3d at 712; *Thornton*, 642 F.3d at 606; *United States v. Hook*, 471 F.3d 766, 775 (7th Cir. 2006).

Buckley was sentenced according to his binding Rule 11(c)(1)(C) plea agreement, and his sentence was not based on a guidelines range. We **AFFIRM** the district court's denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).