# United States Court of Appeals
## For the First Circuit

No. 15-1898

UNITED STATES OF AMERICA,

Appellee,

v.

RAYMOND NEGRÓN,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, U.S. District Judge]

Before

Torruella, Lynch, and Barron,
Circuit Judges.

Bruce E. Kenna, on brief for appellant.
Seth R. Aframe, Assistant United States Attorney, and Emily Gray Rice, United States Attorney, on brief for appellee.

September 14, 2016

**TORRUELLA**, **Circuit Judge**.  Defendant-Appellant Raymond Negrón appeals the United States District Court for the District of New Hampshire's decision to deny a retroactive reduction to his sentence pursuant to 18 U.S.C. § 3582(c)(2).  Negrón had previously entered into plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), which "bind[s] the district court to a pre-agreed sentence if the court accepts the plea."  United States v. Rivera-Martínez, 665 F.3d 344, 345 (1st Cir. 2011).  Under so-called C-type plea agreements, a defendant is eligible for a sentence reduction based on a retroactive amendment to the United States Sentencing Guidelines ("Guidelines") only if the term of imprisonment specified in the agreement is "based on" a Guidelines sentencing range.  We agree with the district court that the proposed sentenced in Negrón's plea agreement failed to meet this requirement and affirm.

**I.**

On August 22, 2012, a federal grand jury returned a nine-count indictment against Negrón.[1]  Negrón and the Government

---

[1]  Counts one through five charged Negrón with controlled substance offenses in violation of 21 U.S.C. § 841(a)(1).  Count six charged Negrón with sale of a firearm to a prohibited person in violation of 18 U.S.C. § 922(d).  Counts seven through nine related to Negrón's possession of a Mossberg twenty gauge bolt action shotgun.  Negrón was charged with possession of an unregistered firearm, 26 U.S.C. §§ 5861(d), 5841, 5871; possession of a firearm with an obliterated serial number, 18 U.S.C. § 922(k); and possession of a short-barreled shotgun during and in relation to a drug

subsequently reached a plea agreement in which Negrón pled guilty to counts one through eight. The Government dismissed count nine, which carried a mandatory minimum consecutive sentence of 120 months' imprisonment. See 18 U.S.C. § 924(c)(1)(B)(i). Negrón's plea agreement was made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Under so-called C-type plea agreements, "the parties bind the district court to a pre-agreed sentence if the court accepts the plea." Rivera-Martínez, 665 F.3d at 345. Although the plea agreement did not state a base level offense, applicable Guidelines range, or criminal history category ("CHC"), the parties stipulated that Negrón would be sentenced to 144 months' imprisonment.

The district court conducted a sentencing hearing on June 13, 2013, and determined that Negrón had a total base offense level of 25 and CHC of I, corresponding to a Guidelines range sentence of 57 to 71 months' imprisonment. Noting that the stipulated sentence was "slightly over twice the high end of the advisory guideline," the district court accepted the plea agreement and imposed the stipulated sentence.

In 2014, the United States Sentencing Commission retroactively reduced the base offense level for many drug offenses

---

trafficking crime, 18 U.S.C. § 924(c)(1)(B)(i).

by two levels.  See U.S.S.G. § 1B1.10(a)(1); U.S.S.G. supplement to app. C amend. 782 (Nov. 1, 2014); United States v. Vaughn, 806 F.3d 640, 643 (1st Cir. 2015).  Because several of his convictions were for controlled substance offenses, Negrón subsequently filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2).  The district court denied Negrón's motion, concluding that Negrón's sentence was not based on a Guidelines sentencing range affected by an amendment.  This timely appeal followed.

**II.**

A district court performs a "two-step inquiry" in determining whether a defendant is entitled to a sentence reduction under § 3582(c)(2).  Dillon v. United States, 560 U.S. 817, 826 (2010).  First, the district court must determine whether any applicable Guidelines amendments apply to the defendant's sentence.  Id. at 826-27.  Second, if the district court concludes the defendant is eligible for relief, it must weigh the sentencing factors described in 18 U.S.C. § 3553(a) and determine whether a reduction is warranted.  Id.  Here, the sole issue on appeal is whether the district court properly applied our decision in Rivera-Martínez, 665 F.3d at 344, to conclude that Negrón was ineligible for relief.[2]  Although "[w]e review a district court's denial of

---

[2]  The district court stated that, if Negrón were legally eligible, it would have reduced his sentence to 116 months' imprisonment.

-4-

a motion for reduction of sentence under section 3582(c)(2) for abuse of discretion," United States v. Caraballo, 552 F.3d 6, 8 (1st Cir. 2008), because Negrón contends the district court committed legal error, our review is effectively de novo, id. ("A material error of law is perforce an abuse of discretion.").

Courts may reduce the term of imprisonment for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The term of imprisonment in a C-type plea agreement is "based on" a Guidelines sentencing range in two scenarios: (1) when the agreement "calls for a sentence within an identified sentencing range," Rivera-Martínez, 665 F.3d at 348, and (2) when "the terms contained within the four corners of the plea agreement," id. at 349, "make clear that the basis for a specified term of imprisonment is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty," id. at 348 (alterations omitted) (quoting Freeman v. United States, 564 U.S. 522, 539 (2011) (Sotomayor, J., concurring)).[3]

---

[3]  We acknowledge that since we decided Rivera-Martínez, two other circuits have concluded that Justice Sotomayor's concurrence is not the narrowest opinion in Freeman v. United States and thus nonbinding.  See United States v. Davis, __ F.3d __, 2016 WL 324504316 (9th Cir. June 13, 2016) (en banc); United States v. Epps, 707 F.3d 337 (D.C. Cir. 2013).  Nonetheless, we view Rivera-

Negrón acknowledges his term of imprisonment is not within a specific Guidelines sentencing range, but argues that his plea agreement fell into this second category. As in Rivera-Martínez, however, Negrón's plea agreement lacks the "two essential coordinates" that show a Guidelines sentencing range underpins the proposed sentence. Id. at 349. In that case, we found that a C-type plea agreement that failed to specify a CHC (despite specifying a base offense level) could not be considered to be based on a Guidelines sentencing range. Id. Negrón's case is even weaker because his plea agreement contains neither a base offense level nor a CHC. Absent either of these two essential coordinates, we cannot conclude Negrón's plea agreement was based on a Guidelines sentencing range. Id.

Nonetheless, Negrón contends that we can infer both numbers from the four corners of his plea agreement. With respect to the base offense level, Negrón argues his plea agreement contains all of the facts necessary to calculate this integer. With respect to his CHC, Negrón claims this number was never seriously contested, due to his relatively sparse criminal record, and is obvious from his presentence report. Finally, Negrón cites the fact that at his sentencing hearing the district court

Martínez as controlling Negrón's appeal.

acknowledged that 144 months' imprisonment was equal to doubling the high end of the applicable Guidelines range and "rounding [up to] an even twelve-year sentence." Negrón views this statement as evidence that his plea agreement was based on a Guidelines sentencing range.

Negrón's arguments run contrary to our holding in Rivera-Martínez. Under the Guidelines, a district court may accept a C-type plea agreement only if the agreement stipulates a sentence that is within the applicable Guidelines range or the district court is satisfied that the sentence departs from the Guidelines range "for justifiable reasons." U.S.S.G. § 6B1.2(c). In other words, even with C-type plea agreements, the district court must calculate the defendant's base offense level and CHC to determine whether the sentence negotiated by the parties is acceptable. Because we have rejected the view that all C-type plea agreements may qualify for relief under § 3582(c)(2), we have held that the fact that the district court "perform[ed] [Guidelines calculations] before deciding whether to accept the agreement" is insufficient to show that the stipulated sentence is based on a Guidelines sentencing range. Rivera-Martínez, 665 F.3d at 349.

The inclusion of admitted facts in Negrón's plea agreement does not necessarily demonstrate that that parties intended to base his sentence on a particular base offense level.

Rather, these facts merely helped the district court perform the Guidelines analysis necessary to its review of the agreement. Moreover, a sentencing court need not rely exclusively on the facts listed in a plea agreement when performing its Guidelines calculation to determine whether to accept the plea. The district court and Negrón both relied on his presentence report -- a document outside of the four corners of the plea agreement -- to calculate his CHC. We therefore reject Negrón's contention that we can infer that he and the Government had a specific base offense level in mind from the stipulated facts in his plea agreement.

We also decline Negrón's invitation to find that his plea agreement implicitly referenced his CHC. Although the "obviousness" of this integer may be an explanation for its absence from the plea agreement, it is not the only one. The absence of the CHC is equally consistent with the parties simply viewing other factors besides Negrón's Guidelines range as important to determining his sentence.

For similar reasons, we are equally unpersuaded by Negrón's argument that his plea agreement must have been based on a Guidelines sentencing range because his stipulated sentence is roughly double the high end of the Guidelines sentencing range. We have recognized that the "term of imprisonment in a C-type plea agreement will most often be negotiated by reference to the

relevant guideline provisions" and interpreted § 3582(c)(2) as requiring a stronger "linkage." Id. (citing Freeman, 564 U.S. at 537). Negrón's observation falls short. Although the district court acknowledged some relationship between the stipulated sentence and the applicable Guidelines range, the district court also factored into its analysis the fact that the Government had agreed to dismiss count nine of Negrón's indictment, which carried a mandatory minimum consecutive sentence of 120 months' imprisonment. In other words, non-Guidelines factors also explained Negrón's proposed sentence. Understanding the role the Guidelines played vis-á-vis the dropped charge would require us to "to supplement the [a]greement with . . . the parties' background negotiations," something Rivera-Martínez forbids. Id. We therefore decline to accept Negrón's invitation to infer a Guidelines basis for his stipulated sentence.

Finally, Negrón claims his stipulated sentence was based on a Guidelines sentencing range because his plea agreement contains various references to the Guidelines including that (1) the district court was required to consider the Guidelines in an advisory capacity; (2) Negrón was aware that the Guidelines were nonbinding; (3) the United States and the United States Probation Office would advise the court of any inaccuracies in the presentence report; and (4) the Government would not "oppose an

appropriate reduction in [Negrón's] adjusted offense level, under the advisory Sentencing Guidelines, based upon [Negrón's] prompt recognition and affirmative acceptance of personal responsibility for the offense."  These generic plea agreement statements are insufficient to show that Negrón's term of imprisonment was based on a Guidelines sentencing range because it is not "evident from the agreement itself" that the "basis for the specified term [of imprisonment] is a Guidelines sentencing range."  Freeman, 564 U.S. at 539 (Sotomayor, J., concurring).  They simply show that the Guidelines would play some amorphous role in the parties' negotiations and the district court's analysis of the plea.  This falls short of the linkage Rivera-Martínez requires.

### III.

Because we cannot conclude that Negrón's sentence was based on a Guidelines sentencing range, we agree with the district court that he is not eligible for a sentencing reduction pursuant to § 3582(c)(2).

**Affirmed**.