NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 17, 2017[*]
Decided March 22, 2017

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 16-3085

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | |
| | No. 1:11-CR-00025 |
| JESUS SOTO-OZUNA, a/k/a NERI, a/k/a CHUY, *Defendant-Appellant*. | Tanya Walton Pratt, *Judge*. |

**O R D E R**

Jesus Soto-Ozuna appeals the denial of his motion under 18 U.S.C. § 3582(c)(2) for a sentence reduction based on Amendment 782 to the Sentencing Guidelines, which retroactively lowered the base offense level for most drug crimes. *See* U.S.S.G. § 1B1.10(d); *id.* supp. to app. C., amend. 782 (2014). The district court denied the motion,

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. CIV. P. 34(a)(2)(C).

stating that Soto-Ozuna's sentence was imposed based on a binding plea agreement. *See* Fed. R. Crim. P. 11(c)(1)(C). We affirm.

Soto-Ozuna pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), 846. He signed a plea agreement in which both parties agreed to various "sentencing guidelines stipulations," including an adjusted offense level of 38. The parties agreed that the court was to determine Soto-Ozuna's criminal history category, after which the parties would "jointly recommend a sentence at the low end of the advisory Guideline range established above (that is, the low end of adjusted offense level 38)." As part of the agreement, Soto-Ozuna also waived his right to appeal his conviction or sentence, or otherwise contest his conviction or sentence or "seek to modify his sentence or the matter in which it was determined in any type of proceeding, including, but not limited to, an action brought under 28 U.S.C. § 2255."

Soto-Ozuna later moved to reduce his sentence based on Amendment 782, arguing that this court entertains § 3582(c) motions from defendants who have signed binding plea agreements so long as the agreement expressly uses the guidelines to determine the term of imprisonment. *See Freeman v. United States,* 564 U.S. 522, 534–44 (2011) (Sotomayor, J., concurring); *United States v. Scott,* 711 F.3d 784, 787 (7th Cir. 2013); *United States v. Dixon,* 687 F.3d 356, 359 (7th Cir. 2012). The district court denied the motion, concluding that Soto-Ozuna was not entitled to a reduction because his sentence was imposed based on only the plea agreement, not the guidelines.

On appeal Soto-Ozuna maintains that his plea agreement and resulting sentence were based on the guidelines and that he thus is eligible for a sentence reduction. The government counters that Soto-Ozuna waived his right to move under § 3582(c)(2) when he agreed not to "seek to modify his sentence … in any type of proceeding."

We agree with the government that Soto-Ozuna waived his right to file a motion under § 3582(c)(2) when he agreed not to attempt to modify his sentence. We enforce appellate waivers in plea agreements if the terms of the waiver are express and unambiguous and the defendant knowingly and voluntarily entered into the agreement. *United States v. Sakellarion*, 649 F.3d 634, 638–39 (7th Cir. 2011); *United States v. Aslan*, 644 F.3d 526, 534 (7th Cir. 2011). It is true that this court has refused to extend broad appellate waivers in plea agreements to § 3582(c)(2) motions where the plea agreement said only that the defendant waived his right to "appeal [his] sentence" or to "contest [his] sentence or the manner that it was determined in any post-conviction proceeding" or "collateral attack." *United States v. Woods*, 581 F.3d 531, 533, 536 (7th Cir.

2009) *overruled on other grounds by United States v. Taylor*, 778 F.3d 667, 669 (7th Cir. 2015); *United States v. Monroe*, 580 F.3d 552, 555–56, 559 (7th Cir. 2009). But Soto-Ozuna's plea agreement barred him additionally from "seek[ing] to modify his sentence or the manner in which it was determined in any type of proceeding." And there is no suggestion that Soto-Ozuna's waiver was not knowing and voluntary: He acknowledges in his appellate brief that he told the district court during sentencing that he understood the terms of his plea agreement, including his express waiver of his right to seek to modify his sentence.

Soto-Ozuna tries to undermine this waiver by pointing to an apparent typographical error in the plea colloquy transcript. According to the transcript, he was asked at the hearing if he understood that he expressly agreed not to "modify [his] sentence *on* the manner in which it was determined" (emphasis added) instead of "*or* the manner in which it was determined," as written in the plea agreement. Soto-Ozuna insists that he is not challenging his sentence *on* the manner in which it was determined. This appears to be a distinction without a difference. Even if we credit Soto-Ozuna's interpretation of the wording, he has not suggested why the difference is legally significant.

Finally, Soto-Ozuna asserts for the first time in his reply brief that he is not bound by his agreement because he is a Spanish speaker and the court did not ask him if the agreement had been translated into Spanish. But Soto-Ozuna may not raise new arguments in his reply brief. *Ill. Commerce Comm'n v. Fed. Energy Regulatory Comm'n*, 721 F.3d 764, 776 (7th Cir. 2013); *United States v. Cozzi*, 613 F.3d 725, 730 (7th Cir. 2010).

AFFIRMED