**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-7912**

UNITED STATES OF AMERICA,

　　　　　　　　Plaintiff - Appellee,

　　　v.

DAVID TOBIAS MAY,

　　　　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, District Judge.  (1:07-cr-00058-JPJ-PMS-1)

Argued:  January 26, 2017　　　　　　　　　　Decided:  April 25, 2017

Before GREGORY, Chief Judge, and DUNCAN and FLOYD, Circuit Judges.

Affirmed by published opinion.  Judge Floyd wrote the opinion, in which Chief Judge Gregory and Judge Duncan joined.

**ARGUED:** Lisa M. Lorish, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlottesville, Virginia, for Appellant.  Jennifer R. Bockhorst, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.  **ON BRIEF:** Larry W. Shelton, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant.  John P. Fishwick, Jr., United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

FLOYD, Circuit Judge:

In mid-2009, David May pleaded guilty to various drug and firearm offenses, and was sentenced pursuant to a stipulated plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). In November 2014, the Sentencing Guidelines were amended, retroactively lowering the offense levels associated with two of the offenses to which May pleaded guilty. In February 2015, the district court, sua sponte, denied May a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), on the grounds that May's sentence was not based on the Guidelines. In September 2015, May filed a motion for reconsideration of the district court's sua sponte denial, which the district court denied two months later. May timely appealed the denial of his motion for reconsideration, challenging the district court's refusal to apply the amended Guidelines to his sentence. We agree with the district court's denial of relief, and we therefore affirm.

I.

In a nineteen-count indictment filed on May 14, 2008, David May was charged with various drug and firearms offenses by a grand jury in the Western District of Virginia. On May 4, 2009, May entered into a plea agreement with the government pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).[1] May pleaded guilty to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) (Count 1); distribution of methamphetamine, in violation of 21 U.S.C.

---

[1] Rule 11(c)(1)(C) makes the parties' recommended sentence binding on the district court once the court accepts the plea agreement.

§§ 841(a)(1) and 846(b)(1)(C) (Count 8); using and carrying a firearm during and in relation to, and possession of a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 9); and possession of a firearm after having been convicted of a crime punishable by more than one year imprisonment and while being an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(1) and (3) (Count 13). J.A. 31–32. In exchange, the remaining fifteen counts from the indictment were dropped. May's plea agreement also included an appeal waiver.

Under a section titled "Sentencing Provisions" and a subsection titled "General Matters," the plea agreement stated that pursuant to Rule 11(c)(1)(C), the parties agreed to May's prison term. J.A. 33. The parties agreed to a prison term of 180 months on the drug counts (Counts 1 and 8), a concurrent term of 120 months on the felon in possession count (Count 13), and a consecutive term of 60 months on the § 924(c) count (Count 9). *Id.*

Immediately following the "General Matters" subsection, the plea agreement contains a subsection titled "Sentencing Guidelines." J.A. 34. In this subsection, the parties set forth their stipulations as to offense level calculations under the Sentencing Guidelines. The parties agreed to an offense level of 30 for the drug counts, which corresponded to "350 grams to 499.99 grams of methamphetamine" (Counts 1 and 8); an offense level of 16 for the felon in possession count (Count 13); and a total offense level of 30 for all the above-described counts (Counts 1, 8, and 13). *Id.* The parties also stated that the guideline range for the § 924(c) count (Count 9) was a term of 60 months imprisonment. *Id.*

The probation office then prepared a presentence report (PSR). The PSR relied on a total offense level of 30, as was stipulated, and a criminal history category of V, as was determined by the probation office, to conclude that "the advisory guideline range for imprisonment is 151 to 188 months." J.A. 93. The PSR noted, however, that "in the plea agreement, the defendant has pled to a total term of 240 months." *Id.*

On July 20, 2009, the district court accepted May's plea agreement and sentenced him to a total of 240 months: a term of 180 months on the drug counts (Counts 1 and 8), a concurrent term of 120 months on the felon in possession count (Count 13), and a consecutive term of 60 months on the § 924(c) count (Count 9). J.A. 44–46.

On November 1, 2014, Amendment 782 to the Guidelines—which was made retroactive by Amendment 788—went into effect. *See* U.S.S.G. Supp. to App. C, Amends. 782 & 788 (Nov. 1, 2014). Amendment 782 reduced by two the offense levels assigned to drug quantities listed in U.S.S.G. § 2D1.1, which governs Counts 1 and 8 in this case.

On February 25, 2015, the district court, sua sponte, denied May a sentence reduction under Amendment 782 pursuant to 18 U.S.C. § 3582(c)(2) (the "Section 3582(c)(2) Denial Order"). J.A. 51. The district court explained that because May's plea agreement neither called for May to be sentenced within a particular Guidelines sentencing range, nor clarified that his agreed-upon sentence was based on a Guidelines sentencing range applicable to the offense of conviction, May was ineligible for any reduction under Amendment 782. *Id.*

May claims that he was never properly notified of the Section 3582(c)(2) Denial Order. May had no counsel of record at the time to receive electronic notification of the entry of the order. May also denies ever receiving the order in the mail, and even the government concedes that there is no routine minute entry to confirm that the order was mailed. *See* Appellee's Supp. Br. at 9 n.3.

Lisa Lorish, an Assistant Federal Public Defender, later learned about May's case and the Section 3582(c)(2) Denial Order while conducting an internal review of cases where a drug reduction might apply. *See* Appellant's Supp. Br. at 9 n.2. On September 18, 2015, May, represented by Lorish, filed a motion for reconsideration of the Section 3582(c)(2) Denial Order. This motion argued that May's "plea agreement clearly ties the drug related sentence of 180 months to [his] drug guidelines," and that he therefore qualifies for § 3582(c)(2) relief. J.A. 53.

The government responded with a motion opposing any sentence reduction on the grounds that May's plea agreement did not expressly rely on the Guidelines. Nowhere in this motion did the government assert that the district court lacked authority to grant relief following a motion for reconsideration of a § 3582(c)(2) ruling.

On November 18, 2015, the district court issued an order denying May's motion for reconsideration. J.A. 64–67. The district court reiterated its conclusion that May was ineligible for § 3582(c)(2) relief because his plea agreement "did not stipulate to the range of imprisonment under the guidelines" and "did not stipulate to the Criminal History category applicable to [May]." J.A. 66–67.

On December 1, 2015, May's counsel appealed the denial of May's motion for reconsideration. On appeal, the parties initially briefed the issue of whether May's plea agreement was sufficiently based on the Guidelines to qualify him for § 3582(c)(2) relief. This Court then ordered and received supplemental briefing "addressing whether May's 18 U.S.C. § 3582 (2012) motion was successive and/or barred by *United States v. Goodwyn*, 596 F.3d 233, 234 (4th Cir. 2010)." Order, *United States v. May*, No. 15-7912 (4th Cir. 2016), ECF No. 39. At no point in its briefing did the government invoke May's appeal waiver, "and we will not sua sponte enforce it." *United States v. Jones*, 667 F.3d 477, 486 (4th Cir. 2012).

## II.

Although we have previously prohibited 18 U.S.C. § 3582(c)(2)-based motions for reconsideration, *United States v. Goodwyn*, 596 F.3d 233, 234 (4th Cir. 2010), we understand this prohibition to be non-jurisdictional, and thus waived when the government failed to assert it below.

Section 3582(c)(2) provides:

The court may not modify a term of imprisonment once it has been imposed except that—
. . .
(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

6

The Supreme Court requires Congress to "clearly state[] that a threshold limitation on a statute's scope shall count as jurisdictional" before a court can treat the limitation as such. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515–16 (2006). But the prohibition on § 3582(c)(2)-based motions for reconsideration is not based on a limitation that Congress has clearly ranked as jurisdictional. Rather, it is implied from § 3582(c)(2)'s silence on a district court's authority to grant motions for reconsideration, coupled with sentence finality interests and "the clear intent of § 3582 . . . to *constrain* postjudgment sentence modifications." *Goodwyn*, 596 F.3d at 235–36. We therefore conclude that the implied prohibition on § 3582(c)(2)-based motions for reconsideration, as recognized in *Goodwyn*, is non-jurisdictional.[2]

Our conclusion comports with the decisions of at least four of our sister circuits. *See United States v. Anderson*, 772 F.3d 662, 666–67 (11th Cir. 2014); *United States v. Beard*, 745 F.3d 288, 291–92 (7th Cir. 2014); *Trujillo*, 713 F.3d at 1006–08; *United States v. Weatherspoon*, 696 F.3d 416, 421–22 (3d Cir. 2012). Some of these decisions admittedly dealt with purely successive motions for relief premised on a single retroactive Guidelines amendment, rather than with motions for reconsideration, but § 3582(c)(2) does not expressly authorize nor prohibit either type of motion. Thus, the

---

[2] Some authorities—none of which are binding in this Circuit—have read *Goodwyn* as suggesting that a jurisdictional limitation exists with respect to § 3582(c)(2)-based motions for reconsideration. *See, e.g.*, *United States v. Trujillo*, 713 F.3d 1003, 1007 (9th Cir. 2013); *United States v. Mann*, 435 F. App'x 254, 255 (4th Cir. 2011) (per curiam). We reject this reading of our precedent. *Goodwyn* never used the word "jurisdiction" in its opinion, and it did not purport to identify a clear statement in § 3582(c)(2) that created a jurisdictional limitation on motions for reconsideration.

rule is the same for both purely successive § 3582(c)(2) motions and § 3582(c)(2)-based motions for reconsideration: A defendant cannot obtain relief on the basis of such motions, but this prohibition is non-jurisdictional and thus subject to waiver.

In the present case, this Court is confronted with a motion for reconsideration unauthorized by § 3582(c)(2). We believe, however, that the government has waived its right to object to the district court's failure to deny May relief on the grounds that he brought an unauthorized motion for reconsideration. As the government concedes, *see* Appellee's Supp. Reply Br. at 1, it never invoked § 3582(c)(2)'s prohibition on motions for reconsideration at the district court level. Because the government failed to raise this non-jurisdictional limitation below, it is waived on appeal. *See Trujillo*, 713 F.3d at 1008; *Weatherspoon*, 696 F.3d at 422; *see also United States v. Benton*, 523 F.3d 424, 428 (4th Cir. 2008) ("Failure to raise an argument before the district court typically results in the waiver of that argument on appeal.").[3]

III.

The district court concluded that May was ineligible for 18 U.S.C. § 3582(c)(2) relief from the court because he was sentenced pursuant to a Rule 11(c)(1)(C) plea

---

[3] In light of our waiver holding, we need not explore other avenues of relief available to a defendant who, as here, was subject to a sua sponte denial of § 3582(c)(2) relief that he or she did not learn about (through no fault of the defendant) until after the applicable appeal deadline has passed. The unfairness of such a situation is self-evident. At a minimum, a defendant in that situation can call upon Federal Rule of Appellate Procedure 4(b)(4), which "authorizes a district court to extend the [appeal] deadline up to thirty additional days '[u]pon a finding of excusable neglect or good cause.'" *United States v. Urutyan*, 564 F.3d 679, 684 n.6 (4th Cir. 2009) (quoting Fed. R. App. P. 4(b)(4)) (modification in original).

agreement that did not use a Guidelines sentencing range. We review de novo the district court's conclusion regarding the scope of its legal authority under § 3582(c)(2). *United States v. Mann*, 709 F.3d 301, 304 (4th Cir. 2013). Upon review of the record, we agree with the district court's conclusion that May was ineligible for relief.

In *Freeman v. United States*, 564 U.S. 522 (2011), the Supreme Court considered the issue of whether a district court may grant a § 3582(c)(2) sentence reduction motion when the original sentence is imposed pursuant to a Rule 11(c)(1)(C) plea agreement. This issue turned on whether such a sentence is "based on" a Guidelines sentencing range—a prerequisite for relief under the terms of § 3582(c)(2).

The controlling opinion in *Freeman*, authored by Justice Sotomayor,[4] held that a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is generally based on the agreement itself rather than on the Guidelines, thus precluding § 3582(c)(2) relief in most Rule 11(c)(1)(C) cases. *Freeman*, 564 U.S. at 535–38 (Sotomayor, J., concurring in judgment). This general rule is subject to the following exception: When a defendant's plea agreement "call[s] for the defendant to be sentenced within a particular Guidelines sentencing range," or to a "specific term of imprisonment" within a particular Guidelines sentencing range, then "the term of imprisonment the court imposes is 'based on' the

---

[4] *Freeman* was decided by a four-Justice plurality, plus an opinion by Justice Sotomayor concurring in the judgment. We have held that Justice Sotomayor's concurrence provides the narrowest grounds for *Freeman*'s holding and is therefore the controlling opinion in that case. *See United States v. Brown*, 653 F.3d 337, 339–40 & n.1 (4th Cir. 2011); *see also United States v. Hughes*, 849 F.3d 1008, 1013 (11th Cir. 2017) (listing nine circuits (including itself) that view Justice Sotomayor's concurrence as the controlling opinion in *Freeman*, and noting that only the Ninth and D.C. Circuits have held otherwise).

agreed-upon sentencing range within the meaning of § 3582(c)(2)." *Id.* at 538–39. Consequently, "[i]f that Guidelines range is subsequently lowered by the Sentencing Commission, the defendant is eligible for sentence reduction." *Id.*

This exception was at issue in *Freeman* itself. There, the defendant entered into a Rule 11(c)(1)(C) plea agreement that contained (i) the defendant's stipulated total offense level; (ii) his anticipated criminal history category; and (iii) a proposed prison term that was expressly linked to the Guidelines and that fell within the Guidelines sentencing range corresponding to the plea agreement's offense level and criminal history determinations. *Id.* at 542–43. When the aforementioned Guidelines sentencing range was subsequently lowered, Justice Sotomayor reasoned that the defendant became eligible for relief, because his prison term was "based on" a subsequently-lowered Guidelines sentencing range under her definition of the phrase. *Id.* at 542–44.

Of course, not all plea agreements contain the level of Guidelines-specific detail that was contained in the plea agreement examined in *Freeman*. At least two of our sister circuits have had the opportunity to apply the *Freeman* rule to circumstances where, as here, a Rule 11(c)(1)(C) plea agreement outlined a proposed prison term and an offense level stipulation, but did not expressly link the sentence to the Guidelines and did not contain a criminal history determination. *See United States v. Scott*, 711 F.3d 784, 786 (7th Cir. 2013); *United States v. Rivera-Martinez*, 665 F.3d 344, 345–46 (1st Cir. 2011). Both circuits concluded that the proposed prison term contained in such agreements are not "based on" a Guidelines sentencing range for § 3582(c)(2) purposes, thus precluding

10

§ 3582(c)(2) relief. *Scott*, 711 F.3d at 787; *Rivera-Martinez*, 665 F.3d at 348–50. We agree with these persuasive authorities.

May's plea agreement did not "expressly use[] a [subsequently-lowered] Guidelines sentencing range to establish the [proposed] term of imprisonment." *Freeman*, 564 U.S. at 539 (Sotomayor, J., concurring in judgment). Accordingly, his plea agreement did not in explicit terms "make clear that the basis for the specified term is a Guidelines sentencing range." *Id.*

Moreover, even assuming that it would suffice to have a proposed prison term implicitly linked to a particular Guidelines sentencing range, no such link can exist here. After all, May's plea agreement does not contain all the ingredients necessary to establish a particular Guidelines sentencing range. Whereas the plea agreement considered in *Freeman* contained both an offense level stipulation and an anticipated criminal history category, *id.* at 542–43, May's plea agreement contains only the former and not the latter.

May argues that we need not insist that the plea agreement make a criminal history determination, because "a criminal history category is an objective determination that cannot be influenced by the agreement of the parties." Appellant's Br. at 14. This argument misses the mark. The relevant inquiry is whether a defendant's plea agreement makes clear that its proposed sentence is based on an "agreed-upon" Guidelines sentencing range. *Freeman*, 564 U.S. at 538–39 (Sotomayor, J., concurring in judgment). An ingredient of an agreed-upon Guidelines sentencing range is necessarily an agreed-upon criminal history category, not a defendant's criminal history category in the "objective" sense that was not agreed upon.

Although absent from the plea agreement, a particular Guidelines sentencing range might still be discovered upon review of "the parties' background negotiations or the facts that informed the sentencing judge's decision to accept the plea." *Rivera-Martinez*, 665 F.3d at 349. However, Justice Sotomayor's concurrence "forbids us from making such an archeological dig," *id.*, and instead confines our inquiry to the four corners of the plea agreement, *see Freeman*, 564 U.S. at 538 (Sotomayor, J., concurring in judgment) (directing focus to the parties' "binding agreement," rather than to "a free-ranging search through the parties' negotiating history in search of a Guidelines sentencing range that might have been relevant to the agreement or the court's acceptance of it").

Looking at the plea agreement alone, the most that can be said about the parties' proposed sentence is that it was implicitly based on a Guidelines sentencing range ingredient, i.e., a particular offense level. But § 3582(c)(2)'s text does not authorize relief when the defendant has agreed to be sentenced to a term of imprisonment *based on an ingredient of a sentencing range* that has been subsequently lowered. Rather, the statute authorizes relief only when the defendant has been "sentenced to a term of imprisonment *based on a sentencing range* that has subsequently been lowered." § 3582(c)(2) (emphasis added). Because we cannot conclude that the proposed sentence at issue here was based on a particular Guidelines sentencing range subsequently lowered by the Sentencing Commission, we agree with the district court that May is ineligible for § 3582(c)(2) relief.

IV.

For the foregoing reasons, the judgment of the district court is

*AFFIRMED*.