**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-7730

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEON COLEMAN, a/k/a Leon Walker, a/k/a Lee,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge. (1:01-cr-00304-JFM-1)

Submitted: June 9, 2017                                    Decided: July 6, 2017

Before GREGORY, Chief Judge, and WILKINSON and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Leon Coleman, Appellant Pro Se. John Francis Purcell, Jr., Assistant United States Attorney, Stephen Schenning, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leon Coleman appeals the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) (2012) based on Amendment 782. We have reviewed the record and find no reversible error. Accordingly, we affirm.

A district court may reduce a prison sentence where the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and the reduction is consistent with applicable policy statements issued by the Commission. 18 U.S.C. § 3582(c)(2) (2012). Such a reduction is not authorized under § 3582(c)(2) if an amendment listed in U.S. Sentencing Guidelines Manual § 1B1.10(d) (2016) "does not have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(a)(2)(B).

"To determine whether a particular amendment has that effect, the sentencing court must 'substitute only the amendments' rendered retroactive by the Commission and 'leave all other guideline application decisions unaffected.'" *United States v. Williams*, 808 F.3d 253, 257 (4th Cir. 2015) (quoting USSG 1B1.10(b)(1)). The first step is to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced." USSG § 1B1.10(b)(1); *Dillon v. United States*, 560 U.S. 817, 827 (2010). "If the court determines that the prisoner is eligible for a sentence reduction, the court moves to the second step and determines the extent of the reduction." *Williams*, 808 F.3d at 258. We review a district court's decision under

2

§ 3582(c)(2) for abuse of discretion and its ruling as to the scope of its legal authority de novo. *See id.* at 256; *United States v. Mann*, 709 F.3d 301, 304 (4th Cir. 2013).

Coleman was sentenced based on his Fed. R. Crim. P. 11(c)(1)(C) plea agreement to the agreed-upon sentence of 360 months in prison. The parties further agreed that his offense level was 43 pursuant to the murder Guideline and murder cross-reference in USSG §§ 2A1.1, 2D1.1(d). Because he was not sentenced based on USSG § 2D1.1(c), Amendment 782 did not have the effect of lowering his applicable Guidelines range, and he was not eligible for a reduction. Additionally, his plea agreement did not provide for him to be sentenced within a particular Guidelines range or to a specific prison term within a particular Guidelines range. Therefore, he was also ineligible for a sentence reduction because he was sentenced based on his Rule 11(c)(1)(C) plea agreement rather than based on a sentencing range that has subsequently been lowered by the Sentencing Commission. *See United States v. May*, 855 F.3d 271, 276-77 (4th Cir. 2017).

We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3