**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6649**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HAKIM ABDULAH RASHID, a/k/a Rodney Buchanan,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge.  (4:10-cr-00941-RBH-1)

Submitted:  September 28, 2017                     Decided:  October 3, 2017

Before WILKINSON, MOTZ, and KING, Circuit Judges.

Affirmed as modified by unpublished per curiam opinion.

Hakim Abdulah Rashid, Appellant Pro Se.  Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina; Robert Frank Daley, Jr., Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hakim Abdulah Rashid appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) (2012) motion for a sentence reduction under Amendment 782 to the Sentencing Guidelines, as well as his pro se motion to modify his term of imprisonment and his petition for a writ of error coram nobis, which also sought relief under Amendment 782. The district court recognized that Rashid already received the benefit of Amendment 782 when it granted Rashid's previous § 3582(c)(2) motion and, thus, it sua sponte determined that it lacked authority to entertain Rashid's motions under *United States v. Goodwyn*, 596 F.3d 233, 235-36 (4th Cir. 2010) (holding that nothing authorizes a district court to reconsider its order on a § 3582 motion). In *United States v. May*, 855 F.3d 271 (4th Cir.), *pet. for cert. filed*, No. 17-142 (U.S. July 24, 2017), however, we clarified that the prohibition against "§ 3582(c)(2)-based motions for reconsideration" is not jurisdictional and, thus, is "waived when the government failed to assert it below." *Id.* at 274. Accordingly, the district court did not lack authority to entertain Rashid's motions.

We need not remand this matter to the district court, though, because it is clear that Rashid is entitled to no further relief under Amendment 782. Namely, the district court sentenced Rashid to the bottom of his amended Guidelines range when it granted Rashid's prior § 3582(c)(2) motion. *See United States v. Rashid*, No. 4:10-cr-00941-RBH-1 (D.S.C. Jun. 29, 2015). Because Rashid's original below-Guidelines sentence was not the result of a Government motion for a substantial assistance reduction, Rashid is ineligible for any further sentence reduction under Amendment 782. *See* USSG

2

§ 1B1.10(b)(2) (2017) (providing that a district court may not impose a sentence below the bottom of an amended Guidelines range unless the original term of imprisonment was below the original Guidelines range as a result of a Government substantial assistance motion). Since we may affirm the district court's order "on any grounds apparent from the record[,]" *United States v. Riley*, 856 F.3d 326, 328 (4th Cir.) (internal quotation marks omitted), *pet. for cert. filed*, No. 17-5559 (U.S. Aug. 7, 2017), we affirm the district court's order on the alternate ground that Rashid is ineligible for a further sentence reduction under Amendment 782. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*