**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-7033**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANTONIO SUAZO PINEDA, a/k/a Cocho, a/k/a Armando Arellano Valle, a/k/a Pedro Suazo Pineda, a/k/a Francisco Villa Torres,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Gerald Bruce Lee, District Judge. (1:04-cr-00481-GBL-1)

Submitted: December 19, 2017          Decided: December 21, 2017

Before SHEDD, AGEE, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Antonio Suazo Pineda, Appellant Pro Se. Lawrence Joseph Leiser, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Suazo Pineda appeals the district court's order denying his third 18 U.S.C. § 3582(c)(2) (2012) motion for a sentence reduction. In this motion as in his previous motions, Pineda sought a sentence reduction under Amendment 782 to the Sentencing Guidelines, which lowered offense levels applicable to drug offenses. Noting again that Pineda was not eligible for a § 3582(c)(2) reduction because he was sentenced to the statutory minimum term for his drug offense, the district court denied relief.

In *United States v. Goodwyn*, 596 F.3d 233, 234 (4th Cir. 2010), we held that a district court lacks authority to grant a motion to reconsider its ruling on a § 3582(c)(2) motion. Under *Goodwyn*, Pineda had only one opportunity to seek, through a § 3582(c)(2) motion, the benefit of Amendment 782. *See id.* at 235-36. Once the district court ruled on Pineda's entitlement to relief under Amendment 782, it lacked authority to consider subsequent relief based on the same Amendment, either by way of a third § 3582(c)(2) motion or a motion for reconsideration of the initial order. While we recently determined in *United States v. May*, 855 F.3d 271, 274 (4th Cir. 2017) that "this prohibition [is] non-jurisdictional, and thus waived when the government fail[s] to assert it below," the Government properly preserved the issue by asserting the prohibition before the district court.

Accordingly, we affirm the district court's order denying relief on Pineda's third § 3582(c)(2) motion. We dispense with oral argument because the facts and legal

2

contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

*AFFIRMED*