**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-7166**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENNETH LEE FOSTER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:09-cr-00013-MR-DLH-8)

Submitted:  January 12, 2018                    Decided:  March 13, 2018

Before TRAXLER, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kenneth Lee Foster, Appellant Pro Se.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, Thomas A. O'Malley, Jill Westmoreland Rose, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Lee Foster appeals the district court's order denying his "Motion for Leave to File for a Reduction of Sentence," which sought a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (2012) and Guidelines Amendment 750. For the reasons that follow, we affirm.

"We review de novo the district court's conclusion regarding the scope of its legal authority under § 3582(c)(2)." *United States v. May*, 855 F.3d 271, 276 (4th Cir.), *cert. denied*, 138 S. Ct. 252 (2017). A district court is authorized to reduce a defendant's prison term if his Guidelines range has subsequently been lowered by the Sentencing Commission and the reduction is consistent with the applicable policy statements. 18 U.S.C. § 3582(c)(2). "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under . . . § 3582(c)(2) if . . . an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable [G]uideline[s] range." U.S. Sentencing Guidelines Manual § 1B1.10(a)(2)(B), p.s. (2016). To determine whether an amendment lowers a defendant's applicable Guidelines range, the court must substitute the amendment for the corresponding Guideline applied at sentencing but "'leave all other [G]uideline[s] application decisions unaffected.'" *United States v. Peters*, 843 F.3d 572, 574 (4th Cir. 2016) (quoting USSG § 1B1.10(b)(1)), *cert. denied*, 137 S. Ct. 2267 (2017).

In denying Foster's motion, the district court determined that Foster was ineligible for a sentence reduction under Amendment 750 because his Guidelines range was based

upon his career offender enhancement.[*]  As the district court previously recognized, however, Foster's Guidelines range was driven by his base offense level under USSG § 2D1.1 and leadership role enhancement under USSG § 3B1.1.  *See* USSG § 4B1.1(b) (2008) (providing offense level applicable to career offender only if "greater than the offense level otherwise applicable").

Nevertheless, we "may affirm on any grounds apparent from the record." *United States v. Riley*, 856 F.3d 326, 328 (4th Cir.), *cert. denied*, 138 S. Ct. 273 (2017). Although Foster challenges the district court's conclusion that he was sentenced as a career offender, the record on appeal clearly establishes that the original sentencing court designated Foster a career offender and applied a criminal history category of VI. *See* USSG § 4B1.1(b).  Insofar as Foster attempts to challenge the validity of that enhancement at this juncture, a § 3582(c)(2) proceeding is not an appropriate vehicle for such a challenge. *See Dillon v. United States*, 560 U.S. 817, 825-26 (2010) (explaining that § 3582(c)(2) does not authorize full resentencing, but permits sentence reduction only within narrow bounds established by Sentencing Commission).

Although applying Amendment 750 and Amendment 782 reduces Foster's total offense level, *see* USSG app. C., amend. 782 (effective Nov. 1, 2014); USSG app. C,

---

[*] Foster's motion represents a successive request for relief under Amendment 750 and, at least in part, requests the district court's reconsideration of its prior § 3582(c)(2) ruling.  However, "the implied prohibition on § 3582(c)(2)-based motions for reconsideration, as recognized in [*United States v. Goodwyn*, 596 F.3d 233 (4th Cir. 2010)], is non-jurisdictional." *May*, 855 F.3d at 275.  We decline to enforce the prohibition sua sponte in this case.

amend. 750 (effective Nov. 1, 2011), Foster's criminal history category of VI produces an amended Guidelines range of 360 months' to life imprisonment—the same range applicable to him at his original sentencing, *see* USSG ch. 5, pt. A (sentencing table). Because these amendments do not lower Foster's applicable Guidelines range, he is not entitled to relief under § 3582(c)(2).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*