**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

## No. 18-6630

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JEROME ROBINSON, a/k/a Stro B,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Dever III, Chief District Judge. (7:13-cr-00041-D-1)

Submitted: September 27, 2018          Decided: October 4, 2018

Before WILKINSON, MOTZ, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jerome Robinson, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerome Robinson appeals the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) (2012), and the court's subsequent order denying his motion for reconsideration of that decision.[*] For the reasons that follow, we affirm.

"We review a district court's decision to grant or deny a sentence-reduction motion under § 3582(c)(2) for abuse of discretion" and its subsidiary factual findings for clear error. *United States v. Peters*, 843 F.3d 572, 577 (4th Cir. 2016), *cert. denied*, 137 S. Ct. 2267 (2017). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted).

A district court may reduce the sentence of a defendant who was sentenced to a term of imprisonment based on a Sentencing Guidelines range subsequently lowered by the Sentencing Commission. *United States v. Stewart*, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to grant a motion for a sentence reduction, the court must first determine whether the defendant is eligible for the reduction, consistent with U.S.

---

[*] Although a district court lacks authority to reconsider its ruling on a § 3582(c)(2) motion, *United States v. Goodwyn*, 596 F.3d 233, 235-36 (4th Cir. 2010), "this prohibition [is] non-jurisdictional, and thus waived when the government fail[s] to assert it below," *United States v. May,* 855 F.3d 271, 274 (4th Cir.), *cert. denied*, 138 S. Ct. 252 (2017).

Sentencing Guidelines Manual § 1B1.10 (2016), and then "consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in [18 U.S.C. § 3553(a) (2012)]," *Dillon v. United States*, 560 U.S. 817, 826 (2010), "to the extent that they are applicable," 18 U.S.C. § 3582(c)(2). In determining whether to grant a reduction, the court must consider the need to protect the public from any future crimes by the defendant. *See* 18 U.S.C. § 3553(a)(2)(C); USSG § 1B1.10 cmt. n. 1(B)(ii). The court also may consider the defendant's postsentencing conduct when determining whether, and to what extent, a sentence reduction is warranted. USSG § 1B1.10 cmt. n.1(B)(iii); *United States v. Smalls*, 720 F.3d 193, 195 (4th Cir. 2013); *see Pepper v. United States*, 562 U.S. 476, 491 (2011) (recognizing significance of postsentencing conduct to § 3553(a) analysis).

Contrary to Robinson's arguments on appeal, the district court's order denying § 3582(c)(2) relief adequately demonstrated its consideration of the individual facts and circumstances of his case, including his postsentencing efforts at rehabilitation. The court appropriately considered the nature and seriousness of Robinson's offense and criminal history in determining whether a sentence reduction was warranted. *See* 18 U.S.C. § 3553(a)(1), (2); *United States v. Osborne*, 679 F.3d 1193, 1196 (10th Cir. 2012) (considering similar factors in upholding denial of sentence reduction). Insofar as Robinson contends that the district court failed to adequately explain its reasoning in denying his motion, we find his argument unavailing. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1964-68 (2018); *Peters*, 843 F.3d at 579; *Smalls*, 720 F.3d at 196. And on the available record, we conclude that the court did not clearly err in finding that a

3

reduction in Robinson's sentence would pose a threat to public safety. *See United States v. Manigan*, 592 F.3d 621, 631 (4th Cir. 2010) (defining clear error). In view of the "extremely broad discretion" enjoyed by the district court in weighing the § 3553(a) factors, *see United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011), we discern no abuse of discretion in the court's decision to deny Robinson a reduction, or in its denial of his motion to reconsider that decision.

Accordingly, we affirm the district court's orders. We deny Robinson's motion to reconsider the district court's final order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*