**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4096**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CRYSTAL MARIE PATE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:17-cr-00346-D-3)

Submitted:  August 20, 2019                          Decided:  August 22, 2019

Before FLOYD and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

R. Clarke Speaks, SPEAKS LAW FIRM, Wilmington, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Crystal Marie Pate seeks to appeal her convictions and 138-month sentence imposed by the district court following her guilty plea to drug and firearm offenses. On appeal, Pate's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether defense counsel provided ineffective assistance. Pate has filed a pro se supplemental brief likewise asserting several ineffective assistance claims. The Government has moved to dismiss the appeal as untimely.

In criminal cases, the defendant must file the notice of appeal within 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal. Fed. R. App. P. 4(b)(4); *United States v. May*, 855 F.3d 271, 275 n.3 (4th Cir. 2017). Although the appeal period in a criminal case is not a jurisdictional provision, but rather a claim-processing rule, *United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009), "[w]hen the Government promptly invokes the rule in response to a late-filed criminal appeal, we must dismiss," *United States v. Oliver*, 878 F.3d 120, 123 (4th Cir. 2017).

The district court entered judgment on July 31, 2018. Pate filed her pro se notice of appeal, at the earliest, on January 30, 2019.[1] Because Pate failed to file a timely notice of appeal or to obtain an extension of the appeal period and the Government has promptly invoked the appeal's untimeliness, *see* 4th Cir. R. 27(f)(2), we grant the Government's motion and dismiss the appeal.[2]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[1] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Pate could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

[2] Although Pate argues in response to the Government's motion to dismiss that plea counsel caused the appeal's untimeliness by failing to consult with her about filing an appeal, the record does not contain evidence conclusively establishing counsel's alleged ineffectiveness. *See United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). Thus, this "claim should be raised, if at all, in a 28 U.S.C. § 2255 [(2012)] motion." *Id.* at 508.