**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4139**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KAMIE JO HEFNER, a/k/a Camie Jo Hefner, a/k/a Camie Ho,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge.  (5:12-cr-00105-BO-5)

Submitted:  October 7, 2019                    Decided:  November 6, 2019

Before WYNN, RICHARDSON, and RUSHING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Jenna Turner Blue, BLUE LLP, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kamie Jo Hefner seeks to appeal her sentence after pleading guilty to conspiracy to manufacture, distribute, dispense, and possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846 (2012). On appeal, Hefner's attorney has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal but raising the issues of whether her guilty plea was valid and whether her sentence was reasonable. Hefner has filed a pro se supplemental brief explaining that she is not questioning the plea agreement or reasonableness of her sentence, but she contends that a sentencing enhancement she received was erroneous. The Government promptly moved to dismiss the appeal as untimely. *See* 4th Cir. R. 27(f)(2). Hefner has responded.

In criminal cases, the defendant must file the notice of appeal within 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal. Fed. R. App. P. 4(b)(4); *United States v. May*, 855 F.3d 271, 275 n.3 (4th Cir. 2017). Although the appeal period in a criminal case is not a jurisdictional provision but rather a claim-processing rule, *United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009), we must dismiss an appeal "[w]hen the Government promptly invokes the rule in response to a late-filed criminal appeal," *United States v. Oliver*, 878 F.3d 120, 123 (4th Cir. 2017) (citations omitted).

The district court entered its judgment in a criminal case on July 17, 2013. For the purposes of this appeal, we assume that Hefner filed her notice of appeal at the earliest on January 18, 2019, which is the date appearing on her notice of appeal. *See* Fed. R. App. P.

2

4(c). Because Hefner failed to file a timely notice of appeal or to obtain an extension of the appeal period, and the Government has promptly invoked the appeal's untimeliness, we grant the Government's motion to dismiss the appeal as untimely.

Accordingly, we dismiss the appeal. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*