**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4247**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEPHEN ANTHONY CINO, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon. James P. Jones, District Judge. (1:16-cr-00041-JPJ-PMS-3)

Submitted: October 31, 2019                     Decided: January 8, 2020

Before MOTZ, KEENAN, and QUATTLEBAUM, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Mark Bodner, Fairfax, Virginia, for Appellant. Thomas Cullen, United States Attorney, Roanoke, Virginia, Kate Rumsey, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephen Anthony Cino, Jr., seeks to appeal his conviction and 292-month sentence imposed following his guilty plea to conspiracy to manufacture, distribute, and possess with intent to distribute methamphetamine, oxycodone, and buprenorphine, and to use a communication facility to facilitate the offense, 21 U.S.C. § 846 (2012); and conspiracy to commit money laundering, 18 U.S.C. § 1956(h) (2012).

A criminal defendant must file his notice of appeal within 14 days of the entry of the judgment. Fed. R. App. P. 4(b)(1)(A)(i). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal. Fed. R. App. P. 4(b)(4); *United States v. May*, 855 F.3d 271, 275 n.3 (4th Cir. 2017). Although the appeal period in a criminal case is not a jurisdictional provision but rather a claim-processing rule, *United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009), this court "must dismiss" the appeal "[w]hen the Government promptly invokes the rule in response to a late-filed criminal appeal," *United States v. Oliver*, 878 F.3d 120, 123 (4th Cir. 2017) (citations omitted); *see also United States v. Chaney*, 911 F.3d 222, 224 (4th Cir. 2018). When the Government moves to dismiss the appeal within the time required by 4th Cir. R. 27(f), we will grant its motion to dismiss. *United States v. Hyman*, 884 F.3d 496, 500 (4th Cir. 2018).

Here, the district court entered judgment in Cino's case on April 12, 2018. Cino did not file his notice of appeal until April 5, 2019, well beyond both the 14-day appeal period and the 30-day excusable neglect period. In response to the Government's motion to dismiss, Cino argues that a letter he sent to the district court on May 11, 2018, should be

2

construed as a notice of appeal. However, the letter merely requested a copy of Cino's judgment and commitment order and docket sheet and did not meet the minimum requirements for a notice of appeal pursuant to Fed. R. App. P. 3(c)(1).

Because Cino's appeal is clearly untimely and the Government has properly sought enforcement of the time limitation set forth in Fed. R. App. P. 4(b), we grant the motion to dismiss the appeal as untimely. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*