**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6965**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MICHAEL HARRIOT, a/k/a Lanky, a/k/a Donovan Smith, a/k/a Richard Onyett,
a/k/a Bernard Barber, a/k/a James D. Smith, a/k/a Michael Smith,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at
Columbia.  Margaret B. Seymour, Senior District Judge.  (3:99-cr-00341-MBS-3)

Submitted:  November 19, 2020          Decided:  December 17, 2020

Before WILKINSON and FLOYD, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed in part and vacated in part by unpublished per curiam opinion.

Michael Owen Harriot, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Owen Harriot appeals the district court's order denying his motions for compassionate release and reconsideration of the court's order denying his prior motion seeking relief pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. In his informal brief, Harriot only challenges the denial of his motion for reconsideration. Therefore, Harriot has forfeited appellate review of the portion of the district court's order denying without prejudice his motion for compassionate release. *See* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014). Accordingly, we affirm this portion of the district court's order.

Turning to his motion for reconsideration,[*] we review a district court's decision whether or not to grant a reduction under the First Step Act for abuse of discretion. *See United States v. Jackson*, 952 F.3d 492, 497 (4th Cir. 2020). We have observed that "there is little case law addressing appropriate procedures for a court to follow when considering sentence modifications under 18 U.S.C. § 3582(c)(1)(B)," *United States v. Venable*, 943 F.3d 187, 194 n.11 (4th Cir. 2019), but generally "a sentence modification is not a plenary resentencing proceeding," *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1967 (2018) (internal quotation marks omitted) (addressing 18 U.S.C. § 3582(c)(2)); *see Venable*, 943 F.3d at 194 n.11 (characterizing First Step Act reduction as "sentence modification"). When determining whether to modify a sentence, the district court "need only set forth

---

[*] We conclude that Harriot's motion was properly before the district court because the Government did not file an opposition to his motion for reconsideration. *See United States v. May*, 855 F.3d 271, 274 (4th Cir. 2017).

2

enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Chavez-Meza*, 138 S. Ct. at 1964 (internal quotation marks omitted).

Under § 404(b) of the First Step Act, "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the [Fair Sentencing Act] were in effect at the time the covered offense was committed." 132 Stat. at 5222. The district court correctly determined that Harriot was sentenced for a covered offense. *See United States v. Gravatt*, 953 F.3d 258, 263-64 (4th Cir. 2020).

"[W]hen imposing a new sentence" under the First Step Act, "a court does not simply adjust the statutory minimum; it must also recalculate the Guidelines range." *United States v. Chambers*, 956 F.3d 667, 672 (4th Cir. 2020) (internal quotation marks omitted). Further, "any Guidelines error deemed retroactive . . . must be corrected in a First Step Act resentencing." *Id.* at 668. We also held that "the § 3553(a) sentencing factors apply in the § 404(b) resentencing context," and a court "may consider post-sentencing conduct" in determining whether to exercise its discretion to reduce a sentence. *Id.* at 674. Additionally, "the First Step Act does not constrain courts from recognizing Guidelines errors," *Id.* at 668, or "preclude the court from applying intervening case law," *id.* at 672, in making its discretionary determination.

The district court correctly determined that Harriot's Sentencing Guidelines range remained life imprisonment. However, we conclude that it abused its discretion in failing to consider the remaining *Chambers* factors. Although the district court stated that Harriot had not presented evidence of his post-sentencing conduct or the § 3553(a) factors, Harriot

3

did indeed present such evidence. Harriot argued that he had not received a single disciplinary infraction in his nearly 19 years of imprisonment, had obtained his General Equivalency Diploma and a prison job, and had worked to improve his relationship with his family. Moreover, the district court did not consider that Harriot was sentenced when the Guidelines were mandatory, and they are now advisory. *See Booker v. United States*, 543 U.S. 220, 245 (2005).

Accordingly, we affirm the district court's order in part, vacate in part, and remand for further proceedings. By this disposition, we express no view as to whether Harriot is entitled to a reduction, leaving that decision to the district court in the first instance. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART*
*AND VACATED IN PART*