**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-4200**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRIAN LEE CORBETT,

Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  John T. Copenhaver, Jr., Senior District Judge.  (2:10-cr-00015-1)

---

Submitted:  April 10, 2025                           Decided:  April 14, 2025

---

Before WILKINSON and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Rachel E. Zimarowski, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  William S. Thompson, United States Attorney, Lesley Shamblin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

In 2010, Brian Lee Corbett pleaded guilty to aggravated bank robbery, in violation of 18 U.S.C. § 2113(a), (d). The district court sentenced Corbett to 235 months of imprisonment, to be followed by five years of supervised release. Corbett began serving his term of supervised release in 2022. In 2024, the court revoked Corbett's supervised release based on his violations of several conditions of his release. At the revocation hearing, the court imposed a new term of 36 months of imprisonment. The court then stated that it "impose[d] the term of supervised release as follows," identifying the conditions of Corbett's new term of supervised release but failing to state the length of that term. Realizing the omission, the court reconvened the hearing the next day and fixed the term of supervised release at 24 months.

On appeal, Corbett first contends that the district court did not have the authority to correct his sentence under Fed. R. Crim. P. 35(a). Federal law "permits courts to modify sentences only in limited circumstances." *United States v. Melvin*, 105 F.4th 620, 623 (4th Cir. 2024). "Pursuant to 18 U.S.C. § 3582, a court generally may not modify a sentence once it has been imposed." *Id.* (internal quotation marks omitted). However, § 3582 contains a narrow exception permitting the sentencing court to alter a sentence pursuant to Rule 35(a). *Id.* Rule 35(a) allows a sentencing court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within "14 days after sentencing." Fed R. Crim. P. 35(a). Rule 35(a) "extend[s] only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court." *United States v. Fraley*, 988 F.2d 4, 7 (4th Cir.

3

1993) (internal quotation marks omitted).  There is no doubt that the sentence originally imposed here, an indeterminate term of supervised release, was clear error.  Therefore, the district court had the authority to correct that error under Rule 35(a).[*]

Corbett next challenges the procedural reasonableness of his sentence, arguing that the district court failed to adequately address his nonfrivolous argument for a lower sentence.  "A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020).  We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable."  *Id.*  Before deciding "whether a revocation sentence is plainly unreasonable, [we] must first determine whether the sentence is procedurally or substantively unreasonable," *id.*, evaluating "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (brackets and internal quotation marks omitted).  If a revocation sentence is both procedurally and substantively reasonable, we will not proceed to consider "whether the sentence is plainly unreasonable—that is, whether the

---

[*] While counsel frames this as a jurisdictional issue, "it is not clear that Section 3582 is a jurisdictional rule." *Melvin*, 105 F.4th at 623 n.4; *accord United States v. May*, 855 F.3d 271, 275 (4th Cir. 2017) (observing that Congress is required to specifically indicate "that a threshold limitation on a statute's scope shall count as jurisdictional before a court can treat the limitation as such" (internal quotation marks omitted)).  But we need not resolve that question today. For present purposes, it suffices to note that § 3582 prohibits courts from modifying a previously imposed sentence, with only narrow exceptions, one of which is applicable here.

unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Chapter Seven policy statement range and the applicable [18 U.S.C.] § 3553(a) sentencing factors." *Id.* at 436; *see* 18 U.S.C. § 3583(e) (listing applicable factors). "[A]lthough the court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence," it nevertheless must "provide a statement of reasons for the sentence imposed." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) (internal quotation marks omitted). If the court imposes a sentence within the Sentencing Guidelines policy statement range, "less explanation" is typically required. *Patterson*, 957 F.3d at 439 (internal quotation marks omitted). "[A] district court, when imposing a revocation sentence, must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a detailed-enough manner that [we] can meaningfully consider the procedural reasonableness of the revocation sentence imposed." *Slappy*, 872 F.3d at 208.

We have reviewed the record and conclude that the within-Guidelines policy statement sentence is not plainly unreasonable. Corbett contends that the district court failed to consider his nonfrivolous argument that a constitutional issue with a traffic stop underlying one of his supervised release violations merited a downward variance. Corbett acknowledges that the exclusionary rule for evidence obtained in violation of a defendant's Fourth Amendment rights does not apply in revocation proceedings, *see United States v.*

5

*Armstrong*, 187 F.3d 392, 394 (4th Cir. 1999), but nevertheless argues that a downward variance was warranted because the search that occurred during the traffic stop was later found to have violated the Fourth Amendment. However, based on our review of the record, we conclude that the district court necessarily rejected Corbett's argument by finding the traffic stop highly relevant to its calculation of his sentence, discussing both the large volume of drugs discovered during the stop and the fact that the incident occurred only nine months into Corbett's five-year term of supervised release.

We therefore affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*
