**ON REHEARING**

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-6388

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

        v.

DAVE ANDRAE TAYLOR, a/k/a Indian, a/k/a Nicholas, a/k/a Spike,

       Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:99-cr-00145-REP-2)

Submitted: October 5, 2017                 Decided: November 9, 2017

Before WILKINSON, NIEMEYER, and KEENAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Dave Andrae Taylor, Appellant Pro Se. Peter Sinclair Duffey, Gurney Wingate Grant, II, Katherine Lee Martin, Robert E. Trono, Assistant United States Attorneys, Heather Hart Mansfield, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia; Michael Arlen Jagels, Senior Deputy Attorney General, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dave Andrae Taylor appeals the district court's order construing his second 18 U.S.C. § 3582(c)(2) (2012) motion for a sentence reduction under Amendment 782 to the Guidelines as a motion to reconsider and denying it sua sponte for lack of jurisdiction, citing *United States v. Goodwyn*, 596 F.3d 233, 235-36 (4th Cir. 2010) (holding that no provision authorizes a district court to reconsider its order on a § 3582 motion). We affirmed for the reasons stated by the district court. Taylor has now filed a petition for panel rehearing and rehearing en banc. Upon review, we grant Taylor's petition for panel rehearing.

After the district court denied Taylor's motion to reconsider, this court determined that the prohibition against "§ 3582(c)(2)-based motions for reconsideration" is not jurisdictional and, thus, is "waived when the government failed to assert it below." *United States v. May*, 855 F.3d 271, 274 (4th Cir. 2017), *cert. denied*, __ S. Ct. __, No. 17-142, 2017 WL 3219499 (U.S. Oct. 2, 2017). Accordingly, the district court did not lack authority to entertain Taylor's motion to reconsider.

Though aware that Taylor was eligible for a sentence reduction under Amendment 782, the district court denied Taylor's initial request for that relief as a matter of discretion. In his motion to reconsider, Taylor claimed that a prison infraction cited by the district court in its original order denying his § 3582(c)(2) motion has since been expunged. Because, under *May*, the district court had authority to consider Taylor's motion to reconsider, we vacate the district court's order and remand this matter to the district court so that it may reconsider Taylor's request for a sentence reduction under

3

Amendment 782. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*